Heller Financial, Inc.
2 Wisconsin Circle, 4th Floor
Chevy Chase, Maryland 20815
301.961.1640

# Heller Financial

August 25, 2000

VIA FACSIMILE: (216) 475-4706

Eric Pleskow, CEO
Bry-Lin Hospitals, Inc.
1263 Delaware Avenue
Buffalo, New York 14209

      Re: Forbearance Agreement (the "Forbearance Agreement") made and entered into as of July ____, 2000 by BRY-LIN HOSPITALS, INC., a New York corporation, and LINREAL CORPORATION, a New York corporation (collectively "Seller"), and HELLER HEALTHCARE FINANCE, INC., a Delaware corporation f/k/a HCFP Funding, Inc. ("HHF" or the "Purchaser").

Dear Mr. Pleskow:

Capitalized terms that are not specifically defined herein have the meaning given to them in the certain Receivables Purchase and Sale Agreement dated May 12, 1999 (as the agreement has been and may from time to time be amended, modified or supplemented, the "Receivables Purchase Agreement") and the Purchase Documents entered into by Purchaser with Seller. This letter agreement (the "Letter Agreement") amends the above-referenced documents only as specifically stated herein. To the extent that the Receivables Purchase Agreement, Purchase Documents, and Forbearance Agreement confer rights on Purchaser or impose obligations on Seller or Guarantors, all such rights and obligations not specifically altered by this Letter Agreement remain in full force and effect until all obligations of Seller to Purchaser are indefeasibly satisfied in full.

With these understandings, the parties agree as follows:

1. Seller acknowledges and represents that Purchaser has fulfilled all of its obligations to Seller under the Forbearance Agreement. Seller restates, renews, re-adopts, and incorporates herein by reference, as of the date of this Letter Agreement, the release language in Section 2.11(b) of the Forbearance Agreement.

2. Seller restates, renews, re-adopts, and incorporates herein by reference its acknowledgement and representation that, under the terms of the Forbearance Agreement, Purchaser has no obligation to purchase any Receivables under the Purchase Agreement.

GE-0318

EXHIBIT
SJ 5

Eric Pleskow, CEO
Bry-Lin Hospitals, Inc.
August 25, 2000
Page 2

3. Without the extension of and amendment to the Forbearance Agreement (as set forth in this Letter Agreement), Seller acknowledges and represents that it cannot satisfy its present obligations to Purchaser.

4. Subject to the terms and conditions of this Letter Agreement, Purchaser and Seller hereby agree to amend Section 1.6 and Section 2.5 of the Forbearance Agreement

   (a) Section 1.6 of the Forbearance Agreement shall be amended to delete subsection (b)(i) and (b)(ii) of such section 1.6 with the following: "(i) a cap of both (A) the aggregate outstanding obligations under the Purchase Documents and (B) the aggregate Commitment which cap shall be equal to $1,600,000 (as reduced over time, the "Purchase Cap"), (ii) reduction of the Purchase Cap by $12,500 per week as set forth on Schedule 1 to that certain letter agreement dated August 25, 2000 by and between Purchaser and Seller which amends this Agreement."

   (b) Section 2.5 of the Forbearance Agreement shall be amended to delete the second sentence of such section and replace such sentence with the following: "The Purchase Cap shall be reduced in accordance with Schedule 1 attached to that certain letter agreement dated August 25, 2000 by and between Purchaser and Seller which amends this Agreement."

5. Seller acknowledges and agrees that Purchaser has no obligation to purchase Receivables from Seller in excess of the Purchase Cap under any circumstances (because of the acknowledged Events of Default described in the Forbearance Agreement for which any applicable cure periods have expired). In addition, except as specifically amended hereby, Seller acknowledges and agrees to all other terms of the Forbearance Agreement shall remain in full force and effect, including without limitation Section 2.6(a) with respect to the purchase of new Eligible Receivables.

6. Time is of the essence as to each provision in this Letter Agreement.

7. Except as otherwise specifically provided herein, Purchaser reserves all of its rights and remedies under the Purchase Agreement, Purchase Documents and Forbearance Agreement.

GE-0319

Eric Pleskow, CEO
Bry-Lin Hospitals, Inc.
August 25, 2000
Page 3

Sincerely,

PURCHASER:

ATTEST:

HELLER HEALTHCARE FINANCE, INC.
(f/k/a HCFP Funding, Inc.)
a Delaware corporation

By: /s/ Mark D. Certola
Name: MARK D. CERTOLA
Title: VICE PRESIDENT

By: /s/ Michael Gardullo
Name: Michael Gardullo
Title: Vice President

Accepted and agreed as of August 25, 2000:

SELLER:

ATTEST:

BRY-LIN HOSPITALS, INC.,
a New York corporation

By: /s/ Barbara Wojcik
Name: BARBARA WOJCIK
Title: CORPORATE ASSISTANT

By: /s/ Eric D. Pleskow
Name: Eric D. Pleskow
Title: President

ATTEST:

LINRBAL CORPORATION,
a New York corporation

By: /s/ Barbara Wojcik
Name: BARBARA WOJCIK
Title: CORPORATE ASSISTANT

By: /s/ Eric D. Pleskow
Name: Eric D. Pleskow
Title: President

GE-0320

Eric Pleskow, CEO
Bry-Lin Hospitals, Inc.
August 25, 2000
Page 4

## SCHEDULE 1

### Purchase Cap Reduction Schedule

(Attached)

GE-0321

**SCHEDULE 1**

| Year | Week from | | Purchase Cap |
|---|---|---|---|
| 2000 | 8/28 - | 9/1 | $1,600,000 |
| " | 9/4 - | 9/8 | $1,587,500 |
| " | 9/11 - | 9/15 | $1,575,000 |
| " | 9/18 - | 9/22 | $1,562,500 |
| " | 9/25 - | 9/29 | $1,550,000 |
| " | 10/2 - | 10/6 | $1,537,500 |
| " | 10/9 - | 10/13 | $1,525,000 |
| " | 10/16 - | 10/20 | $1,512,500 |
| " | 10/23 - | 10/27 | $1,500,000 |
| " | 10/30 - | 11/3 | $1,487,500 |
| " | 11/6 - | 11/10 | $1,475,000 |
| " | 11/13 - | 11/17 | $1,462,500 |
| " | 11/20 - | 11/24 | $1,450,000 |
| " | 11/27 - | 12/1 | $1,437,500 |
| " | 12/4 - | 12/8 | $1,425,000 |
| " | 12/11 - | 12/15 | $1,412,500 |
| " | 12/18 - | 12/22 | $1,400,000 |
| " | 12/25 - | 12/29 | $1,387,500 |
| 2001 | 1/1 - | 1/5 | $1,375,000 |
| " | 1/8 - | 1/12 | $1,362,500 |
| " | 1/15 - | 1/19 | $1,350,000 |
| " | 1/22 - | 1/26 | $1,337,500 |
| " | 1/29 - | 2/2 | $1,325,000 |
| " | 2/5 - | 2/9 | $1,312,500 |
| " | 2/12 - | 2/16 | $1,300,000 |
| " | 2/19 - | 2/23 | $1,287,500 |
| " | 2/26 - | 3/2 | $1,275,000 |
| " | 3/5 - | 3/9 | $1,262,500 |

Note: Loan Terminates on March 12, 2001 and all Batches due and payable

GE-0322