*Credit file*

US. Department of Housing and Urban Development
Buffalo Office
465 Main Street
Buffalo, New York 14203-1780

MAY 1 2001

Mr. Robert Corp
Continental Securities, LLC
One Mony Plaza
Syracuse, NY 13202

Dear Mr. Corp:

Subject: Project No. 014-22019, Brylin Hospitals,
Buffalo and Alden, NY

Enclosed you will find an original and four copies of the Form HUD 2453-MM, Commitment to Insure Upon Completion, Section 232 pursuant to Section 223(f)), Multifamily Accelerated Processing (MAP), in the amount of $7,012,500. Also enclosed are the Forms 92264 and revised 2264A for this property. One copy of the Commitment and the Forms 92264 and 2264A are for the use of the Sponsor.

Your attention is invited to the various items of this Commitment, and, in particular, the special conditions enclosed.

It is recommended that your attorney contact our Counsel, Ms. Diane Schwach, at (716) 551-5755, extension 5202, to facilitate an early closing date and become familiar with all legal requirements for closing. Three copies of the draft closing documents shall be sent to this Office for review at least three weeks prior to the date of the scheduled closing.

Sincerely,

Ralph M. Colosimo
Director, Project Management
Buffalo Multifamily Hub

Enclosures

EXHIBIT SJ 14

HUD 0049

http://www.hud.gov/local/buf/bufofc.html

HUD 01851

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
FEDERAL HOUSING ADMINISTRATION

COMMITMENT TO INSURE UPON COMPLETION
SECTION 207
(Section 232 Pursuant to Section 223(f))

O:.

ontinental Securities, LLC
(Mortgagee)

Project Number: 014-22019

)ne Mony Plaza
(Street)

Linreal Corporation
(Name of Sponsor(s))

yracuse, NY 13202
(City and State)

Buffalo (Erie), New York
(City, County, and State)

Linreal Corporation
(Name of Proposed Mortgagor)

)EAR SIRS:

    We understand that you, as Mortgagee, have agreed to make a loan to _Linreal Corporation_ (hereinafter called the Mortgagor"), in an amount not exceeding the sum of _seven million twelve thousand five hundred_ Dollars ($7,012,500) to be ecured by a credit instrument and security instrument (hereinafter jointly called the "Mortgage") covering real property with existing uilding(s) thereon, (hereinafter called the "Project"), situated in the _County_ of _Erie_ and State of _New York_ at 1263 Delaware \venue, Buffalo, and 11438 Genesee Street, Alden_, as shown on the As-built Survey, Surveyor's Certificate, and legal description of tl  operty.

    It is your intention to present the said Mortgage to this Administration for mortgage insurance under the provisions of section 207, Section 232 pursuant to Section 223(f) of the National Housing Act, and the Regulations thereunder now in effect.

    The Federal Housing Commissioner acting herein on behalf of the Secretary of Housing and Urban Development hereby grees to insure said Mortgage under the provisions of said Act and Regulations upon the following conditions:

    1.    Upon endorsement of the Mortgage for insurance, repairs, if any, shall have been completed in accordance with he Work Write-up attached hereto as "Exhibit B" and the Specifications (and Drawings, if required) attached hereto as "Exhibit C" except as they may have been modified by changes formally approved in writing by the Commissioner before the changes are made.

    2.    During the course of repairs, if any, the Commissioner and his representatives shall at all times have access to the property and the right to inspect the progress of the repairs. In addition, if required by the Commissioner, the Mortgagor will furnish at the Project site all necessary facilities for the use of the Commissioner's inspector such as, office space, use of a telephone, typewriter, etc. The inspection of the repairs by a representative or representatives of the Commissioner shall be for the benefit and protection of the Secretary of Housing and Urban Development. If deviations from the Work Write-up and Specifications (and Drawings, if applicable) or unsatisfactory workmanship or defective materials are not corrected to the satisfaction of the Commissioner prior to the completion of repairs, the Mortgage will not be considered eligible for insurance.

    3.    Prior to endorsement of the Mortgage for insurance, the Mortgagor shall present to the Commissioner a title policy or title evidence in conformity with the Regulations above mentioned which shall show that title to the property on the date of endorsement of the Mortgage for insurance is vested in the Mortgagor free of all encumbrances other than said Mortgage and all exceptions to title (either junior or prior to said Mortgage) except such as are specifically determined to be acceptable by the Commissioner. The Mortgagor shall also furnish satisfactory proof that there exist no unpaid obligations contracted in connection with the Mortgage transaction, the purchase of the mortgaged property or refinancing of existing indebtedness, or the completion of the repairs, except such obligations as may be approved by the Commissioner. If such title evidence is in the form of a title insurance p'   it shall by its terms inure to the benefit of the Mortgagee and/or Secretary of Housing and Urban Development, as their in.  .ts may appear. If under the laws of the jurisdiction in which the Project is located the chattels and personal property of the Mortgagor required in the operation of the Project are not covered by and subject to the terms of the Mortgage, the Mortgagee must require and receive from the Mortgagor a chattel mortgage or such other security instrument as may be necessary covering such personal property and chattels.

    4.    The Mortgage shall bear interest at the rate of 7.50 percent per annum payable on the first day of each month on the outstanding balance of principal. The first payment to principal (Commencement of amortization) shall be due not later than the first day of the second month following the date of endorsement of the Mortgage for insurance. The Mortgage shall be payable on a level annuity basis by 420 monthly payments of principal and interest in the amount of $47,281.26. The maturity and final payment date shall be 34 years and 11 months following the due date of the first payment to principal.

    5.    The credit instrument and the security instrument to be insured shall be in the form prescribed by the Commissioner for use in connection with Section 207 loans in the locality in which the property is situated.

HUD 0050

LA FORM NO. 2453-MM (6/75) (REVISED 3/94)

-2-

6. The Mortgagor must possess the powers necessary for operating the Project and meeting all the requirements of e Commissioner for insurance of the Mortgage. Prior to endorsement of the Mortgage for insurance, there shall be filed with the ommissioner a copy of the instrument under which the Mortgagor entity is created (unless the Mortgagor is an individual) together ith copies of all instruments or agreements necessary under the laws of the applicable jurisdiction to authorize execution of the lortgage and the other closing documents, and a Regulatory Agreement or other instrument as will permit the Commissioner's gulation of the Mortgagor as to rents, charges and methods of operation. Such instrument shall provide, among other things, for the :tablishment of a Reserve Fund for Replacements by payment of $ 75,000 per annum to be accumulated monthly under the control f the Mortgagee, commencing on the date of the first payment to principal as established in the insured Mortgage unless a later date agreed to by the Commissioner. In addition to the per annum amount required to be accumulated monthly under control of the lortgagee for the Reserve Fund for Replacements, there shall be an initial deposit in the amount of $ 550,000 made to the Reserve und for Replacements by the Mortgagor prior to endorsement of the Mortgage for insurance.

7. If any repairs are to be made to an existing Project which require additional sewer, water, gas or electrical icilities, evidence satisfactory to the Commissioner shall be submitted prior to endorsement of the Mortgage for insurance showing lat adequate sewer, water, gas, and electrical facilities have been fully installed and that necessary public streets, sidewalks and urbing outside the Project site have been completed. All off-site facilities or utilities required by the special conditions under this ommitment shall be included in such evidence.

8. Prior the endorsement of the Mortgage for insurance, evidence shall be submitted to the Commissioner that the uildings, including electric wiring, plumbing, gas, and other appliances therein have been inspected and approved by all epartments, boards, or agencies of the municipality, county or State, or other governmental bureaus or departments having urisdiction thereof, and by the rating or inspection organization, bureau, association or body performing similar functions and that uch certification as may be required with respect to the approval of the said buildings for occupancy and otherwise as may be :qu· 'by the Commissioner have been issued to the Mortgagor.

9. Prior to the endorsement of the Mortgage for insurance, the Commissioner shall be furnished with a current As-·uilt survey duly certified to by a registered surveyor satisfactory to the Commissioner and an up-dated Surveyor's Certificate howing that there are no easements or encroachments upon the subject property except those approved by the Commissioner and that. he improvements of the Project are contained upon the land covered by the Mortgage and within the building restriction lines, if any, m said land and do not encroach upon or overhang any land not covered by the Mortgage or beyond the said building restriction ines, if any, nor any easement or right-of-way. The survey shall also show the exact location of water, sewer, gas, and electric mains, .nd all easements for such utilities then existing.

10. Upon endorsement of the Mortgage for insurance, the Mortgage must be current with respect to all payments equired to be made by its terms, including all deposits required to be made with the Mortgagee for mortgage insurance premiums, ire, and other property insurance premiums, ground rents, water rates, taxes and other assessments; and there shall be in full force and :ffect fire and other property insurance as required by the insured Mortgage.

11. Upon endorsement of the Mortgage for insurance, the Mortgagee shall pay to the Commissioner in advance, a nortgage insurance premium equal to one percentum of the principal amount of the insured Mortgage to cover the first mortgage nsurance premium and shall continue to make payments thereafter as required by the aforesaid Regulations.

12. In the case of a Project (1) on which construction was commenced prior to June 30, 1974, (2) which was :ompleted prior to December 31, 1975, (3) on which an application was filed after completion and prior to December 31, 1975, and (4) which is less than one year old at the time of endorsement of the Mortgage for insurance, the Mortgagor shall furnish satisfactory evidence that the work of the General Contractor is covered by a guarantee acceptable to the Commissioner, running for a period of at least one year, following endorsement of the mortgage, against latent defects and faulty workmanship and defective materials in the construction of the building, which guarantee will be secured by (a) valid surety bond (FHA Form Number 3259) in an amount not less than ten percent (10%) of the cost of construction, running for a period of not less than two years following endorsement of the Mortgage, with Mortgagor and Mortgagee named as Obligees on the bond with the Mortgagee's interest assignable to the Cc     ·:sioner; or (b) a sum equal to two and one-half percent (2 1/2%) of the face amount of the Mortgage to be held in escrow and su,     .o the control of the Mortgagee for a period of 15 months following endorsement of the Mortgage, which sum, upon failure of such corrections being made as are required by the Mortgagee or the Commissioner within said one year period, may be used by the Mortgagee, or its assigns, for making such required corrections or, with the consent of the Commissioner, may be applied to the last maturing installments of principal of the indebtedness evidenced and secured by the Mortgage.

13. Prior to endorsement of the Mortgage for insurance, the Mortgagor must certify under oath that in selecting tenants for the property covered by the Mortgage, the Mortgagor will not discriminate against any family by reason of the fact that there are children in the family, unless the Commissioner determines that the Project is intended primarily for occupancy by the elderly or handicapped and is not compatible for occupancy by families with children, and that the Mortgagor will not sell the property while mortgage insurance is in effect unless the purchaser also so certifies and files such certification with the Commissioner.

14. Prior to endorsement of the Mortgage for insurance, the Mortgagor must certify under oath that so long as the Commissioner has any interest in the Mortgage transaction no part of any building will be rented for a period of less than 30 days or operated in such a manner as to offer any hotel services to any tenant in the building or buildings; and that the property will not be

HUD 0051

-3-

16. The Mortgagor shall not be required to pay to the Mortgagee an initial service charge in excess of two percent (2%) of the original amount of the Mortgage.

17. This commitment shall expire 60 days from the date hereof, unless extended by the Commissioner. Upon such expiration, all rights and obligations of the respective parties shall cease. Prior to any extension of this commitment, the Commissioner may, at his/her option, reexamine the commitment to determine whether it shall be extended, shall be extended in the same amount, or shall be amended to include a lesser amount AND the Commissioner will determine whether there is sufficient credit subsidy available for reservation for this project. You must proceed to (initial, initial/final) endorsement for this project within 60 days from the date of the reservation of credit subsidy for this project.

18. Prior to the execution of any repair contracts relative to the subject Project, the Agreement and Certification Form Number N/A shall be executed by the Mortgagor, Mortgagee, and Federal Housing Commissioner and the Mortgagor shall be bound hereby with respect to any subsequent contracts or subcontracts. The commitment amount herein above is subject to appropriate reduction in accordance with the terms of the Agreement and Certification.

19. A request for reopening received within ninety (90) days of its expiration must be accompanied by a reopening fee of $.50 per $1,000 of the amount of the expired commitment.

20. It is a condition of this commitment that any change in sponsorship upon which this commitment was predicated must be indicated in writing by the Mortgagee on behalf of the proposed substitute sponsor(s) and such request must be approved in writing by the Commissioner.

21. In the event that additional code requirements are imposed by any state or local authority, after the issuance of this commitment, that would cause the total cost of all required repairs to exceed fifteen percent (15%) of the total HUD/FHA estimate of all er repairs, this commitment shall be null and void.

SPECIAL CONDITIONS:

1. Pursuant to Form HUD-2880, this commitment is based on owner certifications regarding the absence of Tax Credit or Other Government Assistance. If the owner's intentions subsequently change, and Tax Credit or Other Government Assistance is applied for, Form HUD-2880 must be updated, and HUD reserves the right to unilaterally alter any and all of its underwriting determinations, or revise the terms of its mortgage insurance commitment or regulatory agreement accordingly.

2. Three copies of the draft closing documents shall be submitted to this Office at least three weeks prior to the scheduled closing date.

3. All critical repairs as identified in Exhibit B must be completed prior to closing.

4. A repair escrow in the amount of $ 411,728 must be established for the completion of the non-critical repairs totaling $274,485 as identified in Exhibit B. All non-critical repairs must be completed within 12 months of closing.

5. An Operating Lease exists between the Mortgagor, Linreal Corporation, and the Operator, Brylin Hospitals, Inc. Both the mortgagor entity and the Operating entity will be required to execute a Regulatory Agreement at closing.

6. The Organizational documents for both the Mortgagor entity and the Operating entity must be amended to include all of the required powers and restrictions.

7. All recorded judgments for the Linreal Corporation and the Brylin Hospitals, Inc., must be removed from record prior to endorsement.

Dated MAY 1 2001

SECRETARY OF HOUSING AND URBAN DEVELOPMENT
BY: FEDERAL HOUSING COMMISSIONER
By _Ralph M. Cosmo_ (signature)
Authorized Agent

HUD 0052